IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cr-30037 |
| | ) | |
| TIMOTHY HIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Timothy Hibbs' Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (d/e 9) (Motion). Hibbs is charged with one count of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of Possession of 50 Grams of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Indictment (d/e 6). On February 23, 2012, law enforcement officers executed a search warrant (Warrant) at Hibbs' residence located at 1308 Jefferson Street, Quincy, Illinois. Officers found methamphetamine and other evidence that forms part of the basis for these charges.

Hibbs moves to suppress evidence on the grounds that the officers searched beyond the scope of the area authorized by the Warrant.  Upon review of the Motion, the Court determined that an evidentiary hearing was not necessary.  Text Order Entered June 13, 2012.  For the reasons set forth below, the Motion should be DENIED.

## STATEMENT OF FACTS

On February 23, 2012, an Adams County, Illinois, state court judge issued the Warrant.  The Judge found probable cause to authorize the search.  Hibbs does not challenge the validity of the affidavit presented to secure the Warrant or the Judge's finding of probable cause to issue the Warrant.

The Warrant directed officers to conduct the following search:

> I, therefore, command that you search:
>
> The residence of Timmy J. Hibbs WM DOB 06-08-64, being a one story residence located at 1308 Jefferson Quincy, Adams County, IL.  This is a one story residence with gray colored siding.  There is also a detached garage with the numbers "1308" are affixed on a pillar.  The entrance to 1308 Jefferson faces East and is located on the North side of the residence.  The residence is located between the streets of 12th and 15th on Jefferson.
>
> And seize: Methamphetamine, Methamphetamine precursors, equipment and instrumentalities utilized in the production of Methamphetamine, Methamphetamine related waste, Drug Ledgers, USC, proof of residency.

Motion, Exhibit B, Warrant.

Law enforcement officers executed the Warrant at 7:30 p.m. on February 23, 2012. Officers searched the house and found items in the basement and living room, including a receipt for drain cleaner, syringes, a spoon, a corner cut baggie, a battery package, a small round container with an unspecified residue, and a razor blade. <u>Motion</u>, Exhibit C, <u>Evidence Log</u>.

Law enforcement officers also searched the back yard at 1308 Jefferson Street. The yard was fenced on three sides. Officers found two 4-wheelers and a boat in the yard. The officers searched the boat and the 4-wheelers. The evidence log indicates that the officers found several items of evidence including a bag containing 68.10 grams of methamphetamine under the seat of one of the 4-wheelers. <u>Motion</u>, Exhibit A, <u>Investigative Report</u>, and Exhibit C, <u>Evidence Log</u>.

At the time of the search, a truck was parked on the street in front of 1308 Jefferson and a Ford Mustang was parked in the front yard. The officers brought a drug sniffing dog with them during the search. The dog alerted on both vehicles. <u>Government's Response to Defendant's Motion to Suppress (d/e 12)</u>, Exhibit C, <u>I-Case Supplementary Report</u> at 3 ¶¶ 20 and 32. Officers searched the vehicles and found a bag of syringes and a digital scale in the glove box of the Mustang and a black hose with a fitting in the truck's toolbox and an empty fuel can in the bed of the truck. <u>Motion</u>,

Exhibit C, Evidence Log.  Hibbs moves to suppress everything found outside of the house and garage.

ANALYSIS

The Fourth Amendment generally requires searches to be performed pursuant to a warrant.  The warrant must describe the places to be searched and the persons or things to be seized.  U. S. Const. Amend IV.  A warrant that identifies a premises with a particular street address also authorizes the search of the yard and other structures related to the premises, such as sheds and garages.  United States v. Ross, 456 U.S. 798, 820-21 (1982); United States v. Griffin, 827 F.2d 1108, 1114 (7th Cir. 1987).  Such a warrant may also authorize the search of a vehicle owned by the owner of the premises that is parked at the premises.  Griffin, 827 F.2d at 1114.

Hibbs moves to suppress the evidence because the Warrant used the word "residence" instead of "premises" in describing the place to be searched.  Hibbs argues that the use of the word "residence" limited the search to the house and garage only, not the yard or vehicles in the yard, including the 4-wheelers, the boat, the truck, and the Mustang.  The Court respectfully disagrees.  The Griffin opinion uses the terms "residence" and "premises" interchangeably.  The Griffin Court stated, "Applying *Ross*, a lawful search of the . . . residence would extend to every part of the

premises . . . ." Griffin, 827 F.2d at 1114.  Thus, the use of the word "residence" along with the specific address to be searched authorized the search of the yard and Hibbs' vehicles located in the yard at the specific address.  Id.

Moreover, the Government cites persuasive authority that confirms that a warrant which authorizes the search of a residence or premises at a particular street address authorizes the search of the yard and items and structures in the yard.  See e.g., United States v. Gorman, 104 F.3d 272, 275 (9th Cir. 1996) ([T]he Fourth Amendment is not violated by a search of the grounds or outbuildings within a residence's curtilage where a warrant authorizes a search of the residence."); Wayne LaFave, Search and Seizure: A Treatise on the Fourth Amendment, § 4.10(a) at 731-32 (4th ed. 2004) ("This means that if the place to be searched is identified by street number, the search is not limited to the dwelling house, but may also extend to the garage and other structures deemed to be within the curtilage and the yard within the curtilage.").  The Warrant authorized the search of 1308 Jefferson, Quincy, Illinois, which included the back yard and the 4-wheelers and the boat in the yard under the above cited precedent.  Hibbs' attempt to distinguish this authority is unpersuasive.

The Government asserts a different basis to justify the search of the automobiles.  The Government argues that the alerts by the drug sniffing

dog gave the officers probable cause to believe the vehicles contained illegal drugs. Once the officers had probable cause, they could search the vehicles without a warrant. The Court agrees. Officers may search automobiles without a warrant if they have probable cause to believe that the automobiles contain evidence of a crime. Carroll v. United States, 267 U.S. 132, 160-62 (1925). The alert by the dogs gave the officers probable cause to search the truck and the Mustang. See, e.g., United States v. Loera, 565 F.3d 406, 410 (7th Cir. 2009).

Hibbs argues that the use of the drug sniffing dog was an illegal search. Hibbs is incorrect. The use of a dog to sniff around an automobile is, by itself, not a search. See, e.g., United States v. Brock, 417 F.3d 692, 696 (7th Cir. 2005). The officers were properly on the grounds at 1308 Jefferson pursuant to the Warrant, and so, could properly use the dog to sniff around the truck and the Mustang. Once the dog alerted, the officers had probable cause and could search each automobile.

WHEREFORE, this Court recommends that Defendant Timothy Hibbs' Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (d/e 9) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen (14) days after being served with ECF copy of this Report and

Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986); Local Rule 72.2.

ENTER: June 19, 2012

           *s/ Byron G. Cudmore*
           BYRON G. CUDMORE
   UNITED STATES MAGISTRATE JUDGE